FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Felicia Maxwell,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Transportation,       
Respondent.
 
 
 

Appeal from Colleton County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2005-UP-365
Heard April 4, 2005  Filed May 26, 2005

AFFIRMED

 
 
 
Bert Glenn Utsey, III, of Walterboro, for Appellant.
Andrew F. Lindemann, of Columbia, and Peden B. McLeod, of Walterboro, for Respondent.
 
 
 

PER CURIAM:  In this appeal, we must decide whether the trial court properly denied Appellants motion to quash the jury pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  We affirm, finding the trial courts ruling was not clearly erroneous.
FACTS
This action began as a result of an August 2000 motor vehicle accident.  Felicia Maxwell alleged the South Carolina Department of Transportation (DOT) was negligent in leaving cut grass and debris in the roadway, which caused her to lose control of her vehicle and hit a tree.  The case proceeded to trial in November 2003, and the jury ultimately returned a verdict finding Maxwell was 80 percent at fault and DOT was 20 percent at fault.  Because Maxwells comparative fault exceeded 50 percent, judgment was entered in favor of DOT.  
During jury selection, Maxwell, who is an African American, used her four peremptory strikes to strike four white potential jurors, and DOT used its four strikes to strike four black potential jurors.  The jury eventually seated was composed of ten white jurors and two African Americans.  Motions pursuant to Batson v. Kentucky were made by both parties.  These motions were denied after a Batson hearing.  At the conclusion of the trial, Maxwell moved for judgment notwithstanding the verdict or, alternatively, for a new trial on several grounds, including the alleged Batson violation.  These motions were denied, and Maxwell appeals.[1]
LAW/ANALYSIS 
Maxwell argues the circuit court erred by allowing DOT to exercise peremptory challenges in a racially discriminatory manner.  We disagree.
The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a potential juror on the basis of race.  State v. Shuler, 344 S.C. 604, 615, 545 S.E.2d 805, 810 (2001).  When a party strikes a member of a cognizable racial group and the opposing party requests, the circuit court must hold a Batson hearing.  Id. 
The proper procedure and standard for a Batson hearing was set out by our supreme court in State v. Adams, 322 S.C. 114, 470 S.E.2d 366 (1996).  The court has more recently summarized the procedure as follows: 

After a party objects to a jury strike, the proponent of the strike must offer a facially race-neutral explanation. This explanation is not required to be persuasive or even plausible. Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated members of another race were seated on the jury or the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment.
The trial judges findings of purposeful discrimination rest largely on his evaluation of demeanor and credibility, and the reviewing court should give the findings great deference on appeal.  However, where the record does not support the trial courts findings, the findings must be overturned.  Whether a Batson violation occurred must be determined by examining the totality of the facts and circumstances in the record surrounding the strike.  The composition of the jury panel is a factor that may be considered when determining whether a party engaged in purposeful discrimination.

State v. Ford, 334 S.C. 59, 64-65, 512 S.E.2d 500, 503 (1999) (citations omitted).  The opponent of the strike carries the ultimate burden of persuading the trial court the challenged party exercised strikes in a discriminatory manner. Adams, 322 S.C. at 124, 470 S.E.2d at 372. Appellate courts view the trial courts findings on Batson motions with great deference, and will overturn the trial courts ruling only upon a showing of clear error.  State v. Rayfield, 357 S.C. 497, 502, 593 S.E.2d 486, 489 (Ct. App. 2004).
In this case, Maxwell challenged DOTs peremptory strikes because all four were used to remove African Americans as jurors.  The trial court conducted a Batson hearing following the procedures outlined in State v. Adams.  DOT first offered an explanation for each of its peremptory strikes.  Finding the reasons stated by DOT to be facially race-neutral, the burden thus shifted to Maxwell to prove the explanations offered by DOT were mere pretext.  The trial court found Maxwell failed to satisfy this burden.  Her motion to quash the jury was therefore denied.
Having thoroughly reviewed the record, we find no clear error with the findings of the trial court concerning Maxwells Batson challenge.
First, DOTs reasons for striking the four jurors were facially race-neutral.  DOT explained that each of the jurors it excused was struck due to his or her lack of education as discerned from the nature of their employment, their age, demeanor, or a combination of these factors.  These explanations are racially neutral, legitimate reasons for exercising peremptory strikes. See State v. Tucker, 334 S.C. 1, 8, 512 S.E.2d 99, 102 (1999) (holding that [u]nless a discriminatory intent is inherent in the proponents explanation, the reason offered will be deemed race-neutral); Payton v. Kearse, 329 S.C. 51, 55, 495 S.E.2d 205, 207 (1998) (holding same). We therefore find no clear error in the trial courts finding as to this threshold determination.  
Next, Maxwell failed to carry her burden of proving these explanations were mere pretext.  Maxwell makes two arguments here.  First, she claims that DOTs reasons were fundamentally implausible.  Maxwell argues that DOTs assertion that the jurors had a limited education should have been rejected because there was no direct information concerning their education, and it was improper for DOT to draw conclusions about the prospective jurors education or ability based solely upon the nature of their employment.  We disagree.  Our supreme court has noted that parties must be permitted some latitude when exercising peremptory challenges.  Parties must be allowed to make credibility determinations when evaluating jurors and must be allowed to consider intangible factors such as the tone, demeanor, facial expression, and any other race-neutral factors when striking jurors. Tucker, 334 S.C. at 9, 512 S.E.2d at 103; State v. Wright, 354 S.C. 48, 56, 579 S.E.2d 538, 542 (Ct. App. 2003), overruled on other grounds by State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); see also State v. Casey, 325 S.C. 447, 456, 481 S.E.2d 169, 174 (Ct. App. 1997) (noting that [n]either Batson nor its progeny requires that the proponent of a strike present evidentiary support for the strike).  Accordingly, a party challenging a peremptory strike must do more than merely allege an absence of hard facts or documented evidence to support the reasons given for striking a juror.  Maxwells broad claims that DOTs reasons for exercising its peremptory strikes were based on assumption and surmise fall short of showing clear error by the trial court in finding DOTs explanations were not pretext.[2]
Second, Maxwell argues the reasons for the strikes were pretext because similarly-situated, non-African-American jurors were seated on the jury.  Viewing the record in light of our standard of review, we find no clear error in the trial courts rejection of this argument.  Although we recognize that some non-African-American jurors seated on the jury werebroadly speakingsimilarly situated to the stricken jurors in that they too arguably lacked significant education or experience, DOT distinguished the seated jurors by the fact that they held positions involving some degree of enhanced responsibility or skillsuch as those with management duties or the self-employed.  These were proper race-neutral considerations.  
Therefore, mindful of the deference that we must give to the trial court, we find no reversible error in the trial courts determination that DOTs reasons for striking these jurors were not pretext.
CONCLUSION
We hold that Maxwell has not carried her burden of persuasion in proving DOT engaged in purposeful discrimination during the jury selection process.  After carefully reviewing the explanations asserted by DOT counsel and the objections raised by Maxwell, we find no basis to conclude the ruling of the trial court was clearly erroneous.  The trial courts denial of the Batson motion is therefore
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

     [1] Maxwell raises only the Batson issue to this court.  The other grounds for her JNOV and new trial motions are not at issue in this appeal.
     [2] In her brief to this court, Maxwell raises two arguments that were not presented to the trial court during the Batson hearing or at any other time prior to this appeal: (1) she argues that DOTs assertion that some of the jurors were struck because of their age was mere pretext because several jurors of the same age were seated on the jury panel; and (2) she argues that one juror struck because of her employment as a third party collector was pretext because [d]efense counsel did not elaborate on how this occupation would make [the juror] more or less likely to rule for Plaintiff or SCDOT, and also because another person employed in debt collection was seated on the jury.  Neither of these arguments, however, was raised to the trial court.  When the burden shifted to Maxwell to prove DOTs reasons were pretext, Maxwells sole grounds for objection concerned the validity of DOTs assessment of the jurors limited education.   As noted above, Maxwell bore the burden of proving pretext after DOT offered race-neutral explanations for its peremptory strikes.  This burden necessarily includes the responsibility to put forward affirmatively and directly every argument to the trial judge for his consideration.  As these two specific arguments were never raised to or passed upon by the trial court, we are foreclosed from considering them on appeal. See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that an issue cannot be raised for the first time on appeal).